JUDGE DAVID GUADERRAMA

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF TEXAS**
**EL PASO DIVISION**

FILED
2022 MAR 17 PM 4: 15
CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEP.

EP22CV0095

| | |
|---|---|
| **BRANDON CALLIER,** | § |
| | § |
| **Plaintiff,** | § |
| | § |
| v. | § |
| | § |
| **ATLAS FINANCIAL CONSULTANTS, LLC,** a | § |
| California limited liability company, and **HOME** | § |
| **ACCEPTANCE CORPORATION,** a California | § |
| corporation | § |
| | § |
| **Defendants.** | § |
| | § |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**PARTIES**

1. The Plaintiff is BRANDON CALLIER ("Plaintiff") a natural person, resident of the Western District of Texas, and was present in Texas for all calls, in this case in El Paso County, Texas.

2. Defendant ATLAS FINANCIAL CONSULTANTS, LLC ("Atlas") is a limited liability company organized and existing under the laws of California and can be served via registered agent Lawrence Welsh at 23621 Campus Drive, #290, Irvine, California 92612.

3. Defendant HOME ACCEPTANCE CORPORATION ("Acceptance") is a corporation organized and existing under the laws of California and can be served via registered agent Henry W. Tubbs III at 1061 Kraemer Place, Anaheim, California 92806.

**JURISDICTION AND VENUE**

4. **Jurisdiction.**  This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. *Mims v.*

1

*Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). This Court has supplemental subject matter jurisdiction over Plaintiff's claim arising under Texas Business and Commerce Code 302.101 because that claim arises from the same nucleus of operative fact, i.e., Defendants' telemarketing robocalls to Plaintiff; adds little complexity to the case.

5. **Personal Jurisdiction.** This Court has general personal jurisdiction over the defendant because they have repeatedly placed calls to Texas residents, and derive revenue from Texas residents, and they sell goods and services to Texas residents, including the Plaintiff.

6. **Venue.** Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1)-(2) because a substantial part of the events giving rise to the claims—the calls and sale of goods and services directed at Texas residents, including the Plaintiff—occurred in this District and because the Plaintiff resides in this District. Residing in the Western District of Texas when he received a substantial if not every single call from the Defendants that are the subject matter of this lawsuit.

7. This Court has venue over the defendants because the calls at issue were sent by or on behalf of the above-named defendants to the Plaintiff, a Texas resident.

## THE TELEPHONE CONSUMER PROTECTION ACT
## OF 1991, 47 U.S.C. § 227

8. In 1991, Congress enacted the TCPA to restrict the use of sophisticated telemarketing equipment that could target millions of consumers *en masse*. Congress found that these calls were not only a nuisance and an invasion of privacy to consumers specifically but were also a threat to interstate commerce generally. *See* S. Rep. No. 102-178, at 2-3 (1991), as reprinted in 1991 U.S.C.C.A.N. 1968, 1969-71.

9. The TCPA makes it unlawful "to make any call (other than a call made for emergency

2

purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice … to any telephone number assigned to a … cellular telephone service." 47 U.S.C. § 227(b)(1)(A)(iii).

10. The TCPA makes it unlawful "to initiate any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party, unless the call is initiated for emergency purposes, is made solely pursuant to the collection of a debt owed to or guaranteed by the United States, or is exempted by rule or order" of the Federal Communication Commission ("FCC"). 47 U.S.C. § 227(b)(1)(B).

11. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(b). 47 U.S.C. § 227(b)(3).

12. Separately, the TCPA bans making telemarketing calls without a do-not-call policy available upon demand. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(d)(1).[1]

13. The TCPA provides a private cause of action to persons who receive calls in violation of § 227(c) or a regulation promulgated thereunder. 47 U.S.C. § 227(c)(5).

14. According to findings of the FCC, the agency vested by Congress with authority to issue regulations implementing the TCPA, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls and can be costly and inconvenient.

15. The FCC also recognizes that "wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used." *In re Rules and Regulations*

---

[1] *See* Code of Federal Regulations, Title 47, Parts 40 to 60, at 425 (2017) (codifying a June 26, 2003 FCC order).

*Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd. 14014, 14115 ¶ 165 (2003).

16. The FCC requires "prior express written consent" for all autodialed or prerecorded telemarketing robocalls to wireless numbers and residential lines.  In particular:[A] consumer's written consent to receive telemarketing robocalls must be signed and be sufficient to show that the consumer:  (1) received clear and conspicuous disclosure of the consequences of providing the requested consent, *i.e.*, that the consumer will receive future calls that deliver prerecorded messages by or on behalf of a specific seller; and (2) having received this information, agrees unambiguously to receive such calls at a telephone number the consumer designates. In addition, the written agreement must be obtained without requiring, directly or indirectly, that the agreement be executed as a condition of purchasing any good or service.

17. *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 27 FCC Rcd. 1830, 1844 ¶ 33 (2012) (footnote and internal quotation marks omitted). FCC regulations "generally establish that the party on whose behalf a solicitation is made bears ultimate responsibility for any violations." *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 10 FCC Rcd. 12391, 12397 ¶ 13 (1995).

18. The FCC confirmed this principle in 2013, when it explained that "a seller … may be held vicariously liable under federal common law principles of agency for violations of either section 227(b) or section 227(c) that are committed by third-party telemarketers." *In the Matter of the Joint Petition Filed by Dish Network, LLC*, 28 FCC Rcd. 6574, 6574 ¶ 1 (2013).

19.  Under the TCPA, a text message is a call. *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946, 951 – 52 (9th Cir. 2009).

20. A corporate officer involved in the telemarketing at issue may be personally liable under the TCPA. *E.g., Jackson Five Star Catering, Inc. v. Beason*, Case No. 10-10010, 2013 U.S. Dist. LEXIS 159985, at *10 (E.D. Mich. Nov. 8, 2013) ("[M]any courts have held that corporate actors can be individually liable for violating the TCPA where they had direct, personal participation in or personally authorized the conduct found to have violated the statute." (internal quotation marks omitted)); *Maryland v. Universal Elections*, 787 F. Supp. 2d 408, 415 – 16 (D. Md. 2011) ("If an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force.").

### The Texas Business and Commerce Code § 302.101

21. The Texas Business and Commerce code requires sellers to obtain a registration certificate from the Secretary of State in order to make telephone solicitations inside the state of Texas or to residents located in the state of Texas.

22. The Plaintiff may seek damages for violations of Texas Business and Commerce Code § 302.101 of up to $5,000 per violation, reasonable costs of prosecuting the action, court costs, investigation costs, depositions expenses, witness fees, and attorney's fees.

23. Texas Business and Commerce Code § 302.101 provides a private right of action. A violation of Chapter 302 "is a false, misleading, or deceptive act or practice under Subchapter E, Chapter 17" and is enforceable as such: "A public or private right or remedy prescribed by Subchapter E, Chapter 17, may be used to enforce [Chapter 302." Tex. Bus. & Com. Code § 302.303.

### FACTUAL ALLEGATIONS

24. Plaintiff has been on the Do-Not-Call Registry since December 2007.

25. On February 22, 2022, at 3:43 PM MST Plaintiff received a phone call from an unknown

number to his cell phone ending in 4374.  Plaintiff answered the phone and a prerecorded

voice message advertising "student loan forgiveness" was being played.  Plaintiff grabbed his

recorder and was able to record a portion of the prerecorded message::

> "So that your loan payments do not begin in May.  If you are being serviced by Navient Press one.  If you are being serviced by Nelnet, Sallie Mae, Fedloan, or Great Lakes Press 6.

26. Plaintiff pressed six and was connected to a telemarketer who answered the transfer by

saying "Can I get your file number or FSA ID number."  The telemarketer later said "I'm just

a receptionist at the 'National Student Loan Center.'"

27. The unknown telemarketer transferred Plaintiff.  The person answering the phone call

answered by saying "Student Loan Help Center how can I help you?"

28. The person Plaintiff was transferred to later identified himself by saying "My name is Dylan.

I'll be the one helping you out today."  Plaintiff later received emails from Dylan York

("York").  Through information and belief, this is the same "Dylan" to whom Plaintiff was

transferred.

29. Plaintiff did not want or need student loan forgiveness. However, in order to cease

harassment from the anonymous robocallers, such as Defendants, Plaintiff told the

representative he needed student loan forgiveness for the sole purpose of identifying who

was calling and/or the company who was responsible for calling.

30. Later in the process, Plaintiff received a notification from his credit monitoring service that

Defendant Acceptance had pulled his credit report.  York went on to explain that they had

pulled Plaintiff's credit report in order to finance the charges for the student loan forgiveness

program in which West Capital was attempting to enroll Plaintiff.

31.  None of the Defendants asked Plaintiff's permission to obtain Plaintiff's credit report in

violation of the Fair Credit Reporting Act (FCRA).

32. None of the Defendants had implied or expressed permission to obtain Plaintiff's credit report.

33. Plaintiff enrolled in the process in order to be sent paperwork with Defendant's true identity. However, Plaintiff gave the Defendants incorrect payment information so the Defendants would not charge him. This was necessary because the Defendants repeatedly gave incorrect names to Plaintiff.

34. On March 8, 2022, at 3:46 PM MSTDefendant received a phone call from phone number 949-868-2543. Plaintiff answered the phone and was connected to an Atlas agent who inquired about the payment the Defendants attempted to process but were unable because of the incorrect information given to Plaintiff. Plaintiff informed the agent he was not interested in their services and to not call Plaintiff again. Defendants continued to call Plaintiff.

35. Table below displays TCPA violating calls made to Plaintiff by Defendants:

| Number: | Date | Time | Caller ID | Notes |
|---------|------|------|-----------|-------|
| 1 | 02/22/2022 | 3:43 PM | UNKNOWN | Prerecorded voice message soliciting student loan forgiveness |
| 2 | 02/22/2022 | 3:53 PM | 949-625-7217 | Call back from Dylan after the initial telephone call disconnected. |
| 3 | 03/08/2022 | 5:18 PM | 949-868-2453 | Call after being told to not call again |
| 4 | 03/09/2022 | 5:14 PM | 949-868-2543 | Call after being told to not call again |
| 5 | 03/10/2022 | 10:48 AM | 949-625-7217 | Call after being told to not call again |
| 6 | 03/15/2022 | 10:30 AM | 949-625-7217 | Call after being told to not call again |

36. Defendants do not have a solicitation registration certificate on file with the Texas Secretary

of State as required to make telephone solicitations to Texas residents.  Plaintiff is a Texas resident.

37. Defendants initiated numerous unsolicited telephone calls, including robocalls with prerecorded voice messages, made unlawful telemarketing sales pitches regarding student loan forgiveness, misrepresented themselves as federal employees and/or agents, unlawfully collected payments upfront, unlawfully collected Plaintiff personal information, such as social security number, email address, and home address.

38. Defendants participated in, facilitated, directed, authorized, knew of, or willfully ignored the unlawful robocalling, while knowing facts that required a reasonable person to investigate further, and approved, and ratified the conduct of their employees, agents, and co-conspirators to engage in the false and misleading sales practices and unlawful robocalling.

39. Each and every call was placed without the maintenance of an internal do-not-call policy. Each and every call failed to identify the telemarketers and parties they were calling on behalf of. Each and every call was placed without training their agents/employees on the use of an internal do-not-call policy.

40. Mr. Callier has limited data storage capacity on his cellular telephone. Incoming telemarketing calls consumed part of this capacity.

41. No emergency necessitated the calls.

42. On information and belief, the Defendants did not have a written do-not-call policy while it was sending Mr. Callier the unsolicited calls.

43. On information and belief, the Defendants did not train its agents who engaged in telemarketing on the existence and use of any do-not-call list.

**THE SELLERS SHOULD BE HELD LIABLE TO UPHOLD THE**

8

## DETERRENT EFFECT AND PURPOSE OF THE TCPA

44. As the court ruled in Jackson v Caribbean Cruise Line, Inc., the defendant sellers should be held liable for their violations of the TCPA. Courts have looked at the purpose of the TCPA and found that not holding the sellers liable through vicarious liability would undermine the purpose of the TCPA.

## INJURY, HARM, DAMAGES, and ACTUAL DAMAGES

## AS A RESULT OF THE CALLS

45. Defendants' calls harmed the Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

46. Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

47. Defendants' calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

48. Defendants' calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

49. The Plaintiff has been harmed, injured, and damaged by the calls including, but not limited to: reduced device storage, reduced data plan usage, anger, frustration, invasion of privacy, and more frequent charging of my cell phone.

### Plaintiff's cell phone is a residential number

50. The calls were to Plaintiff's cellular phone (915) 245-4374 which is Plaintiff's personal cell phone that he uses for personal, family, and household use. Plaintiff maintains no landline phones at his residence and has not done so for at least 15 years and primarily relies on cellular phones to communicate with friends and family. Plaintiff also uses his cell phone for navigation purposes, sending and receiving emails, timing food when cooking, and sending

and receiving text messages. Plaintiff further has his cell phone registered in his personal name, pays the cell phone from his personal accounts, and the phone is not primarily used for any business purpose.

## Violations of the Texas Business and Commerce Code 305.053

51. The actions of the Defendants violated the Texas Business and Commerce Code 305.053 by placing automated calls to a cell phone which violates 47 USC 227(b). The calls by Defendant violated Texas law by placing calls with a pre-recorded message to a cell phone which violates 47 USC 227(c)(5) and 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e).

52. The calls by the Defendants violated Texas law by spoofing the caller IDs per 47 USC 227(e) which in turn violates the Texas statute.

## Violations of the Texas Business and Commerce Code § 302.101

53. The actions of the Defendants violated the Texas Business and Commerce Code 302.101 by placing solicitation phone calls to a Texas resident without having a registration certificate and bond on file with the Texas Secretary of State.

54. Under Texas Business and Commerce Code § 302.302 Plaintiff is entitled to seek damages of up to $5000 per violation of §302.101.


## I.      FIRST CLAIM FOR RELIEF

### (Non-Emergency Robocalls to Cellular Telephones, 47 U.S.C. § 227(b)(1)(A))

1.      Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), by making non-emergency telemarketing robocalls to Mr. Callier's cellular telephone numbers without his prior express written consent.

3.      Mr. Callier is entitled to an award of at least $500 in damages for each such violation. 47 U.S.C. § 227(b)(3)(B).

4.      Mr. Callier is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. 47 U.S.C. § 227(b)(3).

5.      Mr. Callier also seeks a permanent injunction prohibiting Defendants and their affiliates and agents from making non-emergency telemarketing robocalls to cellular telephone numbers without the prior express written consent of the called party.

## II.  SECOND CLAIM FOR RELIEF

### (National Do-Not-Call Registry Violations, 47 C.F.R. § 64.1200(c))

### (Against All Defendants)

1.      Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.      The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of FCC regulations by making telemarketing solicitations to a consumer on the national do-not-call registry within a 12-month period in violation of 47 C.F.R. § 64.1200(c)(2).

3.      Mr. Callier is entitled to an award of at least $500 in damages for each such violation.  47 U.S.C. § 227(c)(5)(B).

### III.  THIRD CLAIM FOR RELIEF:

### Violations of The Texas Business and Commerce Code 305.053

1.       Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.       The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 305.053**, by making non-emergency telemarketing robocalls to Mr. Callier's cellular telephone numbers without his prior express written consent in violation of 47 USC 227 et seq. Defendant violated 47 USC 227(d) and 47 USC 227(d)(3) and 47 USC 227(e) by using an ATDS that does not comply with the technical and procedural standards under this subsection.

3.       Mr. Callier is entitled to an award of at least $500 in damages for each such violation. **Texas Business and Commerce Code 305.053(b)**

4.       Mr. Callier is entitled to an award of up to $1,500 in damages for each such knowing or willful violation. **Texas Business and Commerce Code 305.053**(c).

### IV.  FOURTH CLAIM FOR RELIEF:

### Violations of The Texas Business and Commerce Code 302.101

1.       Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.       The foregoing acts and omissions of Defendants and/or their affiliates or agents constitute multiple violations of the **Texas Business and Commerce Code 302.101**, by making non-registered solicitation calls to Plaintiff's cellular telephone number without his prior express written consent.

3.      Mr. Callier is entitled to an award of up to $5,000 in damages for each violation of Texas Business and Commerce Code 302.302.

4.      Mr. Callier is entitled to an award for all reasonable costs of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees and attorney's fees.

## V.  FIFTH CLAIM FOR RELIEF

### (Violations of the Fair Credit Reporting Act, 15 U.S.C § 1684b(f))

### (Against All Defendants)

1.      Mr. Callier realleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

2.      Mr. Callier is entitled to recover actual damages for willful noncompliance for each such violation of 15 U.S.C. § 1681b(f).  15 U.S.C. § 1681n(b).

3.      Mr. Callier is entitled to a statutory award of $1,000 for willful noncompliance for each such violation of 15 U.S.C. § 1681b(f).  15 U.S.C. § 1681n(b).

4.      Mr. Callier is entitled to attorney's fees for willful noncompliance for each violation of 15 U.S.C. § 1681b(f). 15 U.S.C. § 1681n(c).

## VI.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff Brandon Callier prays for judgment against the defendants jointly and severally as follows:

A.      Leave to amend this Complaint to name additional DOESs as they are identified and to conform to the evidence presented at trial;

B.      A declaration that actions complained of herein by Defendants violate the TCPA and Texas state law;

13

C.      An injunction enjoining Defendant and their affiliates and agents from engaging in the unlawful conduct set forth herein;

D.      An award of $3000 per call in statutory damages arising from the TCPA intentional violations jointly and severally against the Defendants for six calls.

E.      An award of $1,500 in statutory damages arising from violations of the Texas Business and Commerce code 305.053

F.      An award of $10,000 in statutory damages arising from violations of the Texas Business and Commerce code 302.101.

G.      An award of $1,000 in statutory damages arising from violations of the Fair Credit Reporting Act jointly and severally against the Defendants.

H.      An award to Mr. Callier of damages, as allowed by law under the TCPA and FCRA;

I.      An award to Mr. Callier of interest, costs and attorneys' fees, as allowed by law and equity

J.      Such further relief as the Court deems necessary, just, and proper.

March 17, 2022                                Respectfully submitted,

Brandon Callier
Plaintiff, Pro Se
6336 Franklin Trail
El Paso, TX 79912
915-383-4604